UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAME ON VENTURES, INC.,

    Plaintiff,

v.                                          Case No. 08-12052

GENERAL RV CENTER, INC.,           HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOLLOWING THE FILING OF SUPPLEMENTAL PAPERS

I. Introduction

This is a tort case arising out of purchase of a used recreational vehicle (RV). Plaintiff Game On Ventures, Inc. (Game On)[1] is suing defendant General RV Center, Inc. (General RV) asserting the following claims (1) fraudulent misrepresentation, (2) innocent misrepresentation, (3) revocation of acceptance, and (4) violation of Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. The case stems from General RV selling Game On a used RV which did not contain "Aqua Heat"[2] - a feature Game On says it specifically requested and was specifically assured by a General RV

---

    [1]Game On is a Montana corporation. Game On is apparently owned and/or operated by Daniela Nelson and her husband, Wayne Nelson. The nature of Game On's business is not clear. Where appropriate, the Court will refer to Game On, Daniela Nelson and Wayne Nelson separately.

    [2]According to Game On, "Aqua Heat is a hydronic heating system which provides heat to the entire coach including the area commonly known as the basement." It is also apparently known as Aqua-Hot.

representative was present in the RV.

General RV filed a motion for summary judgment on all of Game On's claims. There has been very little discovery to date. Following a hearing, at which the Court stated that there appeared to be a factual dispute as to whether an average purchaser would have known that the RV did not have Aqua Heat at the time of purchase. The Court, however, denied the motion without prejudice and gave General RV an opportunity to file a supplemental paper, including a statement of undisputed facts, so the Court could further analyze whether a factual question exists. Game On was permitted to file a response to General RV's supplemental paper. See Order Denying Defendant's Motion for Summary Judgment Without Prejudice and Allowing for Supplemental Pleading, filed September 19, 2008.

The supplemental papers have been received. The matter is ready for decision. For the reasons that follow, a factual question still remains on whether an average purchaser would have, or should have, known that the RV did not contain Aqua Heat under the circumstances.

II. Background

Sometime in 2007, Daniela Nelson, on behalf of Game On, submitted a request for an advertisement seeking a used RV with the Detroit Media Partnership which stated: "WANTED: Diesel Class A Tag Axel 2001-2004 w/aquaheat, Great condition Reasonable Price 989-614-6404."

At the hearing, the parties agreed that the ad did not run as requested. Notably, the ad ran in the Detroit Free Press classified on Monday, September 24, 2007 without

the phrase "w/aquaheat."[3]

In any event, Daniela Nelson says she was contacted by Paul Gardner (Gardner), as Sales Representative of General RV, on or about September 12, 2007, who allegedly stated he had an RV meeting the ads requirements. Daniela Nelson also says that Gardner affirmatively stated that the RV had Aqua Heat.

Daniela and Wayne Nelson arranged to purchase the RV. On September 26, 2007,[4] Daniela and Wayne Nelson appeared at General RV. The RV is described in the Purchase Agreement as a used 2006 Diplomat model 40ProQ, for $151,000.00. Gardner is listed on the Purchase Agreement as the Sales Agent. Daniela Nelson and Game On are listed as purchasers. Under the space on the Purchase Agreement marked "Accessories and/or Equipment" - it states "Standard Prep Only."

The Purchase Agreement contains the following clause, in all capital letters:

THIS PURCHASE AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN GENERAL RV AND PURCHASER. NO ONE HAS AUTHORITY TO MAKE ANY REPRESENTATION BEYOND THIS AGREEMENT AND NO OTHER REPRESENTATIONS, INDUCEMENTS, VERBAL OR WRITTEN HAVE BEEN MADE, WHICH ARE NOT CONTAINED ON THIS DOCUMENT. BY SIGNING BELOW PURCHASER ACKNOWLEDGES THAT PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE REVERSE SIDE, WHICH INCLUDE AN ARBITRATION AGREEMENT, PURCHASER ALSO ACKNOWLEDGES RECEIPT OF A COPY OF THIS AGREEMENT.

The reverse side of the Purchase Agreement contains a listing of Additional Terms and Conditions. General RV points to the following additional terms: "Exclusion

---

[3] After discovering this ad, General RV filed a Notice of Non-Party Fault as to Detroit Media Partnership, Detroit Free Press and Detroit News, et al.

[4] This was two days after the ad appeared in the Detroit Free Press.

of Warranties" and "Limitation and Disclaimer of Damages" and "Used Vehicle - Whether or Not Subject to Manufacturer's Warranty." All of these provisions generally state that the vehicle is sold "AS IS" and without any warranties, except those that may exist by the manufacturers of various parts of the vehicle. General RV also disclaimed any warranty, express or implied, for implied warranty of merchantability or fitness for a particular purpose. General RV also had Game On sign a separate document entitled "SOLD AS IS AGREEMENT." The agreement is signed by Daniela and Wayne Nelson, individually and as members of Game On, and by General RV. However, the Agreement is not complete. The Date, Purchaser, Year and Make and VIN # is left blank.

Daniela and Wayne Nelson state that prior to the purchase, they inspected the RV. However, they state the inspection was limited to walking around the exterior of the unit and walking though the interior. Daniela and Wayne Nelson admit they did not specifically check to see if the RV had Aqua Heat. They also admit that it did not look into the basement area of the RV where the Aqua Heat unit is located. Daniela and Wayne Nelson, however, also told Gardner that the RV would be used in colder climates and that they required heat to the basement section of the RV. Gardner allegedly assured them that it did contain Aqua Heat and that the basement area was heated. Game On admits that the Purchase Agreement makes no reference to Aqua Heat.

Game On also says that Gardner, without any suggestion by Daniela or Wayne Nelson, noticed some items on the RV which needed to be repaired and promised that General RV would make such repairs if Game On purchased the RV. These repairs

4

included: repair to drawer in bedroom and repair to cabinet, repair to dinette set, and repair to microwave.

Game On arranged to pick up the RV in October in Toledo. Upon picking it up, Game On learned that the "standard prep" was not completed. Game On nevertheless took delivery.

At some point shortly thereafter, Wayne Nelson traveled to Colorado in the RV. Upon arrival, an attempt was made to turn on the heat in the basement as the temperatures were dropping. Nelson was not able to locate and activate the heat. A call was made to General RV from Colorado. Game On learned, for the first time, in speaking with a General RV mechanic, Miguel, that the RV did not have Aqua Heat.

On November 5, 2007, Daniela Nelson called Gardner. At that time, she says she was informed by Gardner that the RV did not contain Aqua Heat and that he said he was "sorry."

General RV does not deny, at this point, whether Gardner made any statements or assurances to Game On regarding Aqua Heat.

Game On then attempted to return the RV and get its money back. General RV refused. Game On filed suit.

III. Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV. Analysis

A. Parties' Arguments

General RV says that summary judgment is proper because of the following undisputed "facts," including those found in its supplemental paper:

- Game On arranged to see and inspect the motor home, with representatives of General RV present, prior to purchasing the product and could have discovered the RV did not contain Aqua Heat

- Game On negotiated the terms of the contract with the Defendant before putting them in writing

- Game On signed at least two "AS IS" disclaimers

- Aqua Heat is not mentioned on any of the documents the Game On signed

- An average purchaser would have known the RV did not have Aqua Heat because

- the Aqua Heat system is located in the basement compartments, which are the storage compartments of the RV accessed only on the outside
- Any purchaser looking at the basement compartment would see the following if the RV had Aqua Heat:
- a large silver box that says "Aqua-Hot" on it
- a box containing some relays, electrical heating elements, a burner control unit and a diesel burner/engine
- an exhaust pipe coming out basement compartment
- there are switches inside the RV to engage the Aqua Heat system
- a Google search of "Aqua Hot" reveals a website and lots of information about the system

Game On says that:

- the inspection was limited to briefly viewing the RV and Game On did not believe it needed to check to make sure it had Aqua Heat based on Gardner's statements

- Game On negotiated only the price; the other terms were on General RV's standard purchase forms

- Game On believed that "AS IS" included Aqua Heat

- The heating system is an integral unit, like an engine, whether the RV contained Aqua Heat or another heating system would not appear as an "accessory or other equipment" or otherwise be listed on any of the documents between the parties.

- Game On did not look at every basement compartment and had no reason to inspect every inch of it based on Gardner's statement

- Game On did not know what the Aqua Heat system looks like, how it operates or where it would be located

- Game On did not search the internet for "Aqua-Hot" or "Aqua Heat"

### B. Effect of the "as is" clauses

General RV argues that Game On's fraud claims (fraudulent misrepresentation, innocent misrepresentation, and violation of Michigan Consumer Protection Act), are barred by the "as is" clauses, citing <u>Sal-Mar Building Co. v. Formspec, Singh of Quailcrest</u>, 2007 WL 1712624 (Mich. Ct. App. June 14, 2007) (unpublished). In <u>Sal-Mar</u>, the plaintiff/home builder purchased property from defendant/developer under an option agreement. Plaintiff built a house on the property and later sold it. Problems developed with the home which were eventually traced to an adverse soil condition on the property. Defendant disclaimed any responsibility. Plaintiff sued claiming fraud and breach of contract. The Michigan Court of Appeals affirmed summary disposition to the defendant, stating:

> A claim for silent fraud requires proof that the defendant intended to induce the plaintiff to rely on its nondisclosure. <u>Clement-Rowe v. Michigan Health Care Corp</u>, 212 Mich. App 503, 508; 538 NW2d 20 (1995). Here, any evidence of defendant's statements or nondisclosures to Bravo Homes would not have been sufficient to establish reliance by plaintiff. Even if there were such evidence in this case, any reliance by plaintiff would not have been reasonable considering the language of the option agreement providing that defendant Singh "makes no representations, covenants or warranties regarding suitability of the ground conditions, soil conditions, sub-soil conditions, and any other matters and conditions

8

relating to the suitability of the lots for Optionee's purposes, and Optionee's exercise of any lot constitutes acceptance of the Lot 'as is.' " To support a claim of fraud, the plaintiff's reliance must have been reasonable. Novak v. Nationwide Mut Ins Co, 235 Mich. App 675, 690-691; 599 NW2d 546 (1999). However, a plaintiff's reliance is unreasonable as a matter of law when the terms of the parties' contract specifically contradict the representations on which the plaintiff claims to have relied. Id.

Id. at *2.

Here, however, the Purchase Agreement does not specifically contradict the alleged representations by Gardner. It is silent as to whether the RV contains Aqua Heat or as to what type of heating system it contains. Thus, it cannot be said as a matter of law under Sal-Mar, that the "as is" clauses bar Game On's fraud claims.

Moreover, as Game On points out, in Seit-Olsen v. Reliance Appraisals, LLC, 2006 WL 1113936 (Mich. Ct. App. Apr. 27, 2006) (unpublished), the plaintiff/homebuyer sued defendants claiming, inter alia, fraud and misrepresentation alleging misrepresentations about the home, including its square footage. The purchase agreement contained an "as is" clause. The Michigan Court of Appeals affirmed summary disposition in favor of defendants. It had this to say about the effect of the "as is" clause:

> Contrary to plaintiff's argument, we disagree that the "as is" clause in the purchase agreement is without effect concerning the alleged misrepresentations. **This is not a case in which the buyer expressed some particularized concern or made a direct inquiry, and the seller concealed material facts or made fraudulent representations to the buyer, on which the buyer relied, such that the "as is" clause is ineffective**. Id. at 33; Clemens V. Lesnek, 200 Mich. App. 456, 460-463, 505 N.W.2d 283 (1993).
> Nor is this a case in which "highly misleading actions" can support a claim of silent fraud, absent a buyer's specific inquiry. M & D, supra at 33. We find no error in the grant of Regan's motion for summary disposition.

Id. at *4-5 (emphasis added).

As the emphasized language makes clear, the existence of an "as is" clause does not automatically bar a fraud claim. Here, based on the record which contains the affidavits of Daniela and Wayne Nelson, Game On did make a particularized request for Aqua Heat and directly inquired to Gardner regarding whether the RV had Aqua Heat. Thus, the "as is" clauses do not bar Game On's claims.

Moreover, it is worth noting that Game On is not making a breach of warranty claim, to which the "as is" clauses are directed. In other words, Game On is not asserting that the failure to have Aqua Heat rendered the RV defective. Rather, Game On is asserting that Gardner's statements misrepresented that the RV had Aqua Heat - a feature Game On specifically requested - when it did not.

## B. Fraudulent Misrepresentation

To make out a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. Mable Cleary Trust v. Edward-Marlah Muzyl Trust, 262 Mich. App 485, 499-500 (2004), quoting Hord v. Environmental Research Institute of Michigan (After Remand), 463 Mich. 399, 404 (2000).

General RV says that this claim fails as a matter of law because Game On had the opportunity to learn whether the RV had Aqua Heat prior to signing the Purchase

10

Agreement. It appears that General RV is arguing that Game On's reliance on any alleged statements by Gardner was not reasonable because Game On could have, and should have, discovered that the RV did not have Aqua Heat. The Court disagrees. Game On says that its inspection was cursory and that they did not think it necessary to confirm for themselves that it had Aqua Heat after hearing from Gardner that it did. Even in light of General RV's supplemental papers further detailing the location of the Aqua Heat system, whether or not Game On's reliance was reasonable is a fact question which cannot be determined as a matter of law.

### C. Innocent Misrepresentation

In contrast to fraudulent misrepresentation and silent fraud, the essence of an innocent misrepresentation claim is that the plaintiff need not prove that the defendant knew or should have known the representation was false. <u>United States Fidelity & Guaranty Co</u>, supra at 116-117. Likewise, contrary to fraudulent misrepresentation and silent fraud, a plaintiff asserting an innocent misrepresentation claim need not prove that the defendant intended to deceive the plaintiff into relying on the false or misleading representation. <u>Id</u>. at 117-118. Under the theory of innocent misrepresentation, false statements the claimant relied on are actionable " 'irrespective of whether the person making them acted in good faith in making them.'" <u>United States Fidelity & Guaranty Co</u>, supra at 116-117, quoting 37 Am Jur 2d, Fraud and Deceit, § 195, p 257.

General RV argues that there were no false statements that Game On detrimentally relied upon, essentially arguing that Game On was not reasonable in failing to inspect the RV and ensure that it had Aqua Heat. Again, there is a factual question in the record as to whether Game On could have or should have independently

11

verified that the RV had Aqua Heat in light of Gardner's statements. Summary judgment is not appropriate on this claim.

### D. Michigan Consumer Protection Act

Under the Michigan Consumer Protection Act (MCPA), "[u]nfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful . . ." M.C.L.A. § 445.903(1). The MCPA is broader than common law torts of fraud inasmuch as it prohibits "not only 'deceptive' business practices but also those which are 'unfair' and 'unconscionable.'" Mayhall v. A.H. Pond Co., 129 Mich. App. 178, 182 (1983). For the same reasons that Game On's tort claims must go forward, so too must its claim under the MCPA.

### E. Revocation of Acceptance

M.C.L. A. § 440.2608 governs a claim for revocation of acceptance. It provides, in pertinent part, that:

> (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity **substantially impairs** its value to him if he has accepted it
>
> (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>
> (b) **without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances**.
>
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(Emphasis added).

General RV argues that there was no non-conformity because the RV was sold

12

"as is" and without any warranties by it. A "nonconformity" is a failure of good sold to conform to the legitimate expectations of the contract. Davis v. LaFontaine Motors, Inc., 271 Mich. App. 68, 82 (2006). Here, there is a factual question as to whether there was a nonconformity. Game On believed, based on Gardner's assertions, that the RV contained Aqua Heat and General RV would make other repairs prior to delivery. The RV did not have Aqua Heat and the promised repairs were not made. There is also a factual question as to whether the nonconformity, particularly the failure to have Aqua Heat, substantially impaired the value of the RV. The test for substantial impairment has been expressed as whether "the nonconformity has a devaluing effect on [the buyer] and that the buyer's assessment is factually correct." Colonial Dodge, Inc. v. Miller, 420 Mich. 452, 458 (1984). Here, Game On specifically required that the RV contain Aqua Heat. Moreover, the cases cited by General RV involve situations where representations were made after execution of a purchase agreement. Here, Gardner made the alleged statements prior to Game On's purchase. Moreover, although Game On did not discover that the RV did not contain Aqua Heat (the nonconformity) prior to acceptance, there is a fact question as to whether Game On's acceptance was reasonable based on either (1) whether it was difficult to discover the nonconformity or (2) Gardner's assurances that it contained Aqua Heat. As such, this claim must also go forward.

## V. Conclusion

In sum, there are factual disputes surrounding whether Game On could have or

13

should have discovered that the RV did not have Aqua Heat under the circumstances.

General RV's motion for summary judgment is DENIED.

SO ORDERED.

                                 s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

Dated: November 4, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 4, 2008, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160