UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAME ON VENTURES, INC.,

    Plaintiff,

v.                                          Case No. 08-12052

GENERAL RV CENTER, INC.,          HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JURY TRIAL[1]

I.

This is a tort case arising out of purchase of a used recreational vehicle (RV). Plaintiff Game On Ventures, Inc. (Game On) is suing defendant General RV Center, Inc. (General RV) asserting the following claims (1) fraudulent misrepresentation, (2) innocent misrepresentation, (3) revocation of acceptance, and (4) violation of Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. The case stems from General RV selling Game On a used RV which did not contain "Aqua Heat" - a feature Game On says it specifically requested and was specifically assured by a General RV representative was present in the RV. Summary judgment has been denied and the matter is set for a bench trial on April 6, 2009. At the pre-trial conference held on January 20, 2009, General RV informed the Court that it believed the case should be a jury trial and had filed a motion for jury demand that day. Before the Court is General

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

RV's motion for jury trial.  For the reasons that follow, the motion is GRANTED.

### III.

Federal Rule of Civil Procedure 38(b) provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by ... serving upon the other parties a demand therefor in writing ... not later than 10 days after the service of the last pleading directed to such issue."  Fed. R. Civ. P. 38(b).  "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of a trial by jury."  Fed. R. Civ. P. 38(d).  It is clear that General RV did not make a jury demand within the ten-day period afforded him under the rules.  Although General RV did not file a jury demand with its answer and affirmative defenses, counsel for General RV says he contacted the Court after receiving the scheduling order indicating a non-jury case, and informed it that the case was a jury case.  General RV, however, made no attempt to formalize its request for a jury by motion or otherwise.  Under these circumstances, General RV has waived his right to a jury trial.  See Preferred Rx, Inc. v. Amer. Prescription Plan, Inc., 46 F.3d 535, 548 (6th Cir. 1995) ("The right to trial by jury even though grounded in ... federal ... constitutional protections is a right subject to waiver).

Although General RV waived his right to a jury trial, Rule 39(b) allows parties to seek relief from such a waiver, stating in part that "[w]hen no demand is made . . . the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.  Fed. R. Civ. P. 39(b).  A district court has broad discretion in ruling on a Rule 39(b) motion.  Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir.1986).  The court's discretion should be exercised in favor of granting a jury trial "in the absence of strong and compelling reasons to the contrary."  Local 783 v. General

Elec. Co., 471 F.2d 751, 755 (6th Cir. 1973) (quoting Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964)).  The Sixth Circuit has also indicated that "[g]enerally, a district court does not abuse its discretion by denying a 39(b) motion if the only justification for delay is "mere inadvertence." Misco, 784 F.2d at 205.  Game On says that at best General RV asserts the failure to designate the case for a jury trial was the result of inadvertence and will not stipulate to a jury trial.

Applying the above principles to this case, the better course under the totality of the circumstances is to have the case tried to a jury.  Game On will not be prejudiced and all parties will be assured of a neutral fact-finder.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 9, 2009, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160